## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

THOMAS A. SIMONIAN,

        Plaintiff,

  v.

DAREX, LLC,

        Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendant DAREX, LLC ("Defendant") as follows:

## I.
## NATURE OF THE CASE

1.     This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2.     As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its  DRILL DOCTOR® branded products with United States Patent Number 4,471,581, even though such patent is expired, and has been expired since September 9, 2002 (the "Expired Patent").  On information and belief, Defendant marks certain of its DRILL DOCTOR® branded products with the Expired Patent with the intent to deceive the public and to gain a competitive advantage in the market.

3.     Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of up to $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4.      Plaintiff is a person residing in Geneva, Illinois.

5.      Defendant DAREX, LLC is a limited liability company established under the laws of the State of Oregon with its principal place of business at 210 East Hershey, Ashland, Oregon 97520.

6.      Upon information and belief, Defendant is a leading manufacturer of drill sharpeners.

7.      Defendant has been and currently makes and sells DRILL DOCTOR®-branded products in a variety of models.

## III.
## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

10.     This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District.   Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## IV.
## THE EXPIRED PATENT

11.     The '581 Patent, entitled "Universal Twist Drill Sharpener Apparatus," was filed on September 9, 1982, issued on September 18, 1984 and expired on September 9, 2002.  A true and correct copy of the '581 Patent is attached hereto as Exhibit A.

2

## V.
## COUNT I

12.     Plaintiff incorporates paragraphs 1-11 as if fully set forth herein.

13.     Upon information and belief, Defendant has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be manufactured or marketed, products for sale to the general consuming public, including, for example, its DRILL DOCTOR® - branded drill bit sharpeners.

14.     The '581 Patent expired on September 9, 2002.

15.     Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following products and/or packaging thereof, with the Expired Patent: DRILL DOCTOR® 350 Drill Bit Sharpeners.

16.     DRILL DOCTOR ®-branded drill bit sharpeners are currently sold in a number of different models and variations.  Exemplary packaging marked with the Expired Patent is shown below (next page):





17.    The instance of false marking shown in paragraph 16 above is representative and not exhaustive.

18.     When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

19.     Upon information and belief, Defendant is a sophisticated company and has experience applying for, obtaining, and litigating patents.

20.     Defendant by itself or by its representatives cannot genuinely believe that a patent does not expire and that prospective patent rights apply even after its expiration.

21.     Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the Expired Patent marked on the DRILL DOCTOR® products have expired and/or do not cover the products to which the marking is affixed.

22.     Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the DRILL DOCTOR® products are not covered by the Expired Patent marked on such products because an expired patent has no prospective patent rights.

23.     As a sophisticated company with, upon information and belief, experience applying for, obtaining, and litigating patents, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. §292.

24.     The false patent markings for the DRILL DOCTOR® products are found on the product packaging (see paragraph 16 above).

25.     Upon information and belief, Defendant intentionally included the Expired Patent in the patent markings of the DRILL DOCTOR® products, in an attempt to prevent competitors from using the same or similar drill bit sharpeners.

26.     Upon information and belief, Defendant marks the DRILL DOCTOR® products with the Expired Patent for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the Expired Patent.

27. Each false marking on the DRILL DOCTOR® products is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

28. Defendant has wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

29. Upon information and belief, Defendant knows, or reasonably should know, that marking the DRILL DOCTOR® products with false patent statements was and is illegal under Title 35 United States Code. At a minimum, Defendant had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

30. Upon information and belief, Defendant's marking of its DRILL DOCTOR® products with the Expired Patent, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

31. Upon information and belief, for at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described DRILL DOCTOR® products in the market place.

32. For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

33.     Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a)     A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b)     An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c)     An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d)     All costs and fees incurred as a result of the prosecution of this action; and

(e)     Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VII.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.


Dated: February 24, 2010                    Respectfully submitted,


*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail:  bss@sperling-law.com
E-mail:  robc@sperling-law.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissman
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois  60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissman@emcpc.com